IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

International Longshoremen's Association (Local 1575)

Plaintiff

v.

Horizon Lines, Inc.

Defendant

Civil No. 08-1530 (SEC)

**Opinion and Order Affirming Arbitration Award**

Local 1575, International Longshoremen's Association AFL-CIO ("Local 1575") filed the present action in state court seeking to vacate an arbitration award issued in favor of Horizon Lines of Puerto Rico, Inc. ("Horizon"). Horizon removed the suit to this Court, and filed a Motion for Summary Judgment (Dockets ## 5, 6 & 7). After reviewing the Arbitration Award (Docket # 11-2), the parties' filings, and the applicable law, the award shall be **AFFIRMED**, and summary judgment **GRANTED** in favor of Defendant.

**Procedural Background**

The fundamental disagreement between the parties regards Horizon's ability to split the fixed personnel into two shifts, a first beginning at 7:00 A.M. and a second beginning at 4:00 P.M. See Docket # 11-3 at 4. The arbitrator found that this policy ". . . does not violate the Collective Bargaining Agreement . . ." Accordingly, Local 1575 alleges that "the arbitrator acted with flexibility when interpreting the same, violating thus the spirit of the contractual clauses which left no opportunity to interpretations other than the one contained in the same as to the recruitment of the fixed personnel in the yard . . ." Docket 11-2 at 19.

Local 1575 brought the present claim arguing that "[b]eing the [CBA] clauses clear, the arbitrator erred by interpreting the same flexibly. His determination is not substantially sustained

**CIVIL NO.  08-1530 (SEC)**                                                                 Page 2

with the whole file and therefore the award is contrary to law. The Arbitrator's reasoning was palpably defective and he acted incorrectly by validating a practice of the employer clearly violating the [CBA]." Accordingly, Local 1575 makes the following averments in favor of vacating the award: 1) the arbitrator ignored the clear language of the CBA Article VI(a)(1), Section B(2)(1), and Section B(5) in violation of Articles 1233 and 1234 of the Puerto Rico Civil Code, and 2) that article VIII(2)(c) of the CBA clearly governs the hours to start work.

On May 7, 2008, Horizon removed the complaint to this forum based on the Labor Management Relations Act, 29 U.S.C. § 152(2). Soon thereafter they filed a motion for summary judgment in response to the request to vacate the arbitration award. Horizon argues that the petition to vacate the arbitration award should be dismissed, because the arbitrator reasonably construed the contract withing the parameters of the CBA. See Docket 6 at 8. Furthermore, the company notes that the parties agreed that the arbitrator's award would be final and binding on all parties.

**Standard of Review**

It is well a well established federal labor law principle that when , ". . . parties agree to submit a dispute to binding arbitration, absent unusual circumstances, they are bound by the outcome of said proceedings." Asociacion De Empleados v. Union Internacional De Trabajadores De La Industria De Automoviles, Civ. No. 07-2636, slip op. at 4, 2009 U.S. App. LEXIS 4571 (1st Cir. Mar. 6, 2009) (citing Posadas de Puerto Rico Assocs., Inc. v. Asociacion de Empleados de Casino de Puerto Rico, 821 F.2d 60, 61 (1st Cir. 1987)). As such, judicial review of arbitration awards is exceedingly narrow. Id. In this same vein, the courts do not attend to claims of errors of law or of fact by arbitrators. Id. (citing Challenger Caribbean Corp. v. Union General de Trabajadores de Puerto Rico, 903 F.2d 857, 860 (1st Cir. 1990)). One limit to said deference is that an arbitrator's decision must be grounded in reason and fact, which

allows for an inquiry into whether the award is a "manifest disregard of the law." McCarthy v. Citigroup Global Mkts., Inc., 463 F.3d 87, 91 (1st Cir. 2006). However, the validity of this analysis is not completely clear in light of recent Supreme Court decisions.

The Supreme Court recently held that with regards to the Federal Arbitration Act, "that §§ 10 and 11 provide exclusive regimes for the review provided by the statute . . ." Hall St. Assocs., L.L.C. v. Mattel, Inc., 128 S. Ct. 1396, 1406 (2008); 9 U.S.C. § 10 & 11.[1] Neither of these sections includes the manifest disregard test, and as such it cannot be used when interpreting an arbitration award through the lens of the FAA. Id. Nevertheless, in cases where the parties have not expressly invoked the FAA, and the complaint was originally filed in state court, the First Circuit has not applied the Hall Street preclusion of the manifest disregard inquiry. See, e.g, Ramos-Santiago v. UPS, 524 F.3d 120, 124 n. 3 (1st Cir.2008); Asociacion De Empleados v. Union Internacional De Trabajadores De La Industria De Automoviles, Civ. No. 07-2636, slip op. at 4, 2009 U.S. App. LEXIS 4571 (1st Cir. Mar. 6, 2009).

As such, arbitration awards may be vacated under the "manifest disregard of the law test" when the appealing party shows that the award is:

---

[1] In Hall Street the Supreme Court stated that "[a]ny other reading opens the door to the full-bore legal and evidentiary appeals that can 'rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process,' and bring arbitration theory to grief in post-arbitration process." Id. at 1405. Under § 10(a), awards may be vacated "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Modifications to awards are regulated under § 11, and shall be warranted "(a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award [;] (b) [w]here the arbitrators have awarded upon a matter not submitted to them.... [and] (c) [w]here the award is imperfect in matter of form not affecting the merits of the controversy."

**CIVIL NO. 08-1530 (SEC)**                                                            Page 4

(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact.

Ramos-Santiago, 524 F.3d at 124; McCarthy, 463 F.3d at 91. Moreover, this also requires that the arbitrator knowingly disregard the law. Id.

**Applicable Law & Analysis**

The arbitrator concluded that "[a]n examination of the contractual provisions cited reflects that the establishment of certain fixed work shifts had the sole purpose of regulating the employment and the type of pay per hour worked, and not to guarantee eight (8) hours of work for all the personnel recruited from the yard list." See Docket # 11-3 at 20. Local 1575 argues that this conclusion equates to a manifest disregard for the law, which merits vacating the award. See Docket # 14 at 6.

Nevertheless, the arbitrator came to his conclusion after duly analyzing Article 1237 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 3475, which states that the meaning of the various clauses of a contract, when in question, should be interpreted as a whole. Docket # 11-3 at 20. He also interpreted that Horizon, when it entered into the CBA, "retained the right to . . . divide and/or fraction the personnel recruited from the yard list, calling some to work . . ." on different shifts. Id. at 19. Said reasoning was based on an academic treatise, which stated that the scheduling of work in CBAs is not normally waived except for express provisions of the agreement, and that provisions ". . . for a regular workweek [were] designed to regularize employment and furnish norms from which overtime premiums could be calculated, and not to guarantee employment for all or any groups of employees for any specific number of hours per day or days per week." Id. at 20-21 (citing Elkouri & Elkouri, How Arbitration Works 722-726

(6th ed. 2003))(internal quotations omitted). Accordingly, the arbitrator found that Horizon retained the right to create divide the shifts in its yard, and thus, had not violated the CBA.

Judicial review of arbitration awards does not entail an analysis of whether a court agrees with the decision, rather it is a question of identifying exceptional circumstances. While this Court might not concur with the arbitrator's conclusions, his decision does not suffer from inanition or "manifest errors of law." This Court finds that none of the causes for vacating an arbitration award under the FAA's §§ 10 and 11 are present, or even alleged, in this action. Furthermore, this Court finds that the Arbitration Award was 1) based in fact, 2) not the result of palpably faulty reasoning, 3) and free from reliance on non-facts for its crucial assumptions. Accordingly, under the circumstances present in this case, no valid grounds are present for judicial interference with the arbitration process.

**Conclusion**

Based on the foregoing, the Motion for Summary Judgment (Docket # 5) is **GRANTED**, and the request to vacate the arbitrator's award is **DENIED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 16th day of March, 2008.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge